UNITED STATES of America, Appellee,

v.

Cesar TAORMINA and Joseph Taormina, Defendants–Appellants.

Nos. 00–1748, 00–1749.

United States Court of Appeals, Second Circuit.

July 11, 2001.

Nathan Lewin; Alyza D. Lewin, on the brief, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Washington DC, for Joseph Taormina; Elkan Abramowitz; Andrew M. St. Laurent, on the brief, Morvillo, Abramowitz, Grand, Iason, & Silberberg, P.C., New York, NY, for Cesar Taormina, for appellants.

Laura Grossfield Birger, Assistant United States Attorney; Celeste L. Koeleveld, Assistant United States Attorney, on the brief, for Mary Jo White, United States Attorney for the Southern District of New York, New York, NY, for appellee.

Present MINER and LEVAL, Circuit Judges, and SCULLIN, District Judge.*

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Defendants appeal from judgments of conviction, entered after a jury trial, on charges of mail fraud and conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 1341 and 2, and 18 U.S.C. § 371, arising out of defendants' submission of fraudulent requests for payment in connection with a construction project for the New York City Board of Education. Defendants contend that the district judge improperly dismissed a juror during the deliberations, and that in any event the prosecution was time barred under the five-year statute of limitations period set forth in 18 U.S.C. § 3282. We reject both contentions.

■ A district judge may "excuse a juror for just cause after the jury has retired to consider its verdict." Fed. R.Crim.P. 23(b). We review a decision to excuse a juror under Rule 23(b) for abuse of discretion. See United States v. Gibson, 135 F.3d 257, 259 (2d Cir.1998). Judge Mukasey acted entirely within his discretionary authority when he excused a juror who was experiencing vertigo-like symptoms, who was being prepared for a CAT scan, and whose doctor "recommend[ed] strongly" that the juror not report to jury service. See Gibson, 135 F.3d at 259–60 (affirming under an abuse of discretion standard an eleven-juror verdict of guilty where one juror was excused because of illness).

■ Furthermore, the prosecution was not time barred. Within the limitations period, defendants mailed several letters to the Board of Education seeking action on defendants' previously submitted fraudulent requests for payment. On the basis of this evidence, the jury could reasonably find that acts in furtherance of the scheme

---

* The Honorable Frederick J. Scullin, Jr., United States District Judge for the Northern District of New York, sitting by designation.

to defraud were committed within the limitations period. *See United States v. Bortnovsky,* 879 F.2d 30, 36 (2d Cir.1989).